Dunbar v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-287-CR

     ROCKY LEE HILL,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee    
 

From the County Court
Navarro County, Texas
Trial Court # 42596
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      On October 29, 1996, the appellant, Rocky Lee Hill, pled guilty to the offense of driving
while intoxicated, and the trial court assessed punishment at 180 days’ confinement in the Navarro
County Jail, suspended for two years, and a fine of $300. The State filed a motion to revoke
Hill’s suspended sentence on July 21, 1997, alleging that Hill had violated the terms of his
community supervision by failing to remit the requisite monthly fee to the Adult Probation Office
of Navarro County and by engaging in sexual contact with a female under seventeen years of age
and not his spouse. Hill pled “true” to these allegations on July 23. On September 30, Hill’s
attorney filed a motion for new trial and a notice of appeal in this cause. We notified Hill’s
attorney by letter dated November 24 that this appeal was subject to dismissal for want of
jurisdiction unless, by December 4, he demonstrated sufficient grounds for continuing the appeal. 
See Tex. R. App. P. 44.3. In a response filed December 8, Hill’s attorney explained that, despite
two previous meetings with Hill since July 23, he did not learn that Hill had pled “true” to the
allegations contained in the State’s motion to revoke Hill’s community supervision until September
27. 
      A timely notice of appeal is necessary to invoke a court of appeal's jurisdiction. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To be timely, a notice of appeal must be
filed within thirty days after the sentence is imposed, or within ninety days if a timely motion for
new trial is filed. See Tex. R. App. P. 26.2. Hill’s motion for new trial was due to be filed with
the trial court within thirty days of the date of the judgment revoking his community supervision,
or before August 25, 1997. See Tex. R. App. P. 21.4(a). Hill’s motion for new trial was not filed
until September 30; therefore, the filing of the motion for new trial did not extend the appellate
timetable and Hill’s notice of appeal was due on or before August 25. See Tex. R. App. P.
26.2(a).
      Provision is made in the appellate rules for the untimely filing of a notice of appeal. Rule
26.3 allows the appellate court to extend the time for an appellant to file a notice of appeal if,
within fifteen days after the deadline for filing the notice of appeal, the party files the notice of
appeal and a motion requesting an extension of time to file the notice. Tex. R. App. P. 26.3. 
However, the fifteen day extension had also passed by the time Hill filed his notice of appeal.
      Without a timely filed notice of appeal, or a timely filed motion to extend the time to file a
notice of appeal, the appellate court has no jurisdiction over an appeal. Olivo, 918 S.W.2d at 522-23. Hill did not file his notice of appeal until over a month after it was due; consequently, his
notice of appeal is untimely. Therefore, this court has no jurisdiction over his appeal, and it must
be dismissed.
      The cause is dismissed for want of jurisdiction, and Hill’s motion requesting an extension of
time to file his brief is dismissed as moot.
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction; motion dismissed as moot
Opinion delivered and filed December 17, 1997
Do not publish